IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERALD LEE**
384 Stewart Street
Zanesville, Ohio 43701

    and

**ISABELLE LEE**
384 Stewart Street
Zanesville, OH 43701

        Plaintiffs,

vs.

**UNITED STATES OF AMERICA**
c/o Benjamin C. Glassman
United States Attorney for the
Southern District of Ohio
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

        Defendant.

Case No. 2:17-cv-1090

Judge

**AFFIDAVITS OF MERIT, ATTACHED**

## COMPLAINT

Now come Plaintiffs, Gerald Lee and Isabelle Lee, by and through counsel, and for their cause of action state as follows:

### PARTIES

1. At all times relevant herein, Plaintiffs Gerald Lee and Isabelle Lee were residents Zanesville, Muskingum County, Ohio.

2. At all times relevant herein, Muskingum Valley Health Care Centers, Inc. (hereinafter referred to as MVHC) was a federally supported health center with its principal place of business in

Zanesville, Muskingum County, Ohio that employed physicians, physician assistants, nurses, technicians, and other personnel, including, but not limited to, Carl Schowengerdt, M.D. (hereinafter referred to as Dr. Schowengerdt), and Roger Ward Jr., D.O. (hereinafter referred to as Dr. Ward), to evaluate, care for, and treat patients. MVHC was a covered entity deemed an employee of the Public Health Service for purposes of 42 U.S.C. § 233(a).

3. At all times relevant herein, as employees of MVHC, Dr. Schowengerdt and Dr. Ward are also deemed to be employees of the Public Health Service for purposes of 42 U.S.C. § 233(a).

4. At all times relevant herein, Dr. Schowengerdt and Dr. Ward were each acting within the course and scope of their employment as deemed employees of the Public Health Service for purposes of 42 U.S.C. § 233(a).

## JURISDICTION AND VENUE

5. By enactment of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671, *et seq.*, Congress waived the United States' immunity from suit for certain tort actions and vested federal district courts with exclusive jurisdiction over civil actions or claims against the United States for negligent and wrongful acts or omissions of federal employees and officers acting within the scope of their employment and office.

6. Prior to filing a lawsuit in federal district court under the FTCA, an administrative tort claim must be filed with the appropriate agency pursuant to 28 U.S.C. § 2675(a).

7. Plaintiffs filed their administrative tort claim with the United States Department of Health and Human Services on December 16, 2016.

8. More than six months have elapsed since the administrative tort claim was filed and, on June 15, 2017, the agency closed its file. Thus, the administrative tort claim is deemed to have been denied by operation of the FTCA and Plaintiffs have timely filed this action.

9. Further, pursuant to 28 U.S.C. § 1332(b), Plaintiffs have suffered damages in excess of $75,000, and jurisdiction is therefore proper in this Court.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims herein occurred in Muskingum County, Ohio, which is in the Eastern Division of the Southern District of Ohio pursuant to 28 U.S.C. § 115(b)(2).

## SERVICE OF PROCESS

11. Service of process is permitted on Defendant United States of America by virtue of Rule 4(i)(1) of the Federal Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

12. At all times relevant hereto, Plaintiff Gerald Lee was a patient at MVHC.

13. In August of 2012, Plaintiff Gerald Lee was admitted to Genesis Hospital for stroke like symptoms. During this admission, Gerald Lee had a chest x-ray which was read by Dr. Andrew Guglielmi on August 6, 2012. Dr. Guglielmi reported that the chest x-ray reflected a suboptimal exam due to over penetration.

14. On or about August 8, 2012, Plaintiff Gerald Lee presented to MVHC for pain medication for leg and back pain, and anxiety medication. During this visit, he also complained of a cold, sinus drainage, cough, and pain to his chest. These symptoms had been present for several months and he had been treated with no improvement.

15. On or about October 8, 2012, Plaintiff Gerald Lee presented to Genesis Firstcare with complaints which included a productive cough that had been gradually worsening.

16. On or about January 15, 2013, Plaintiff Gerald Lee presented to MVHC with complaints of cold-like symptoms. These symptoms had been present for approximately two months and included a productive cough and chest congestion. Plaintiff was examined by Dr. Schowengerdt, and reported chest pain and heart fluttering due to coughing. Dr. Schowengerdt ordered an x-ray. The chest x-ray was taken at Genesis Hospital and was read by Dr. William Wallis on January 28, 2013. Dr. Wallis reported a rounded opacity over the right lower lobe which he read as a lesion on the Plaintiff's rib.

17. On or about January 28, 2013, Plaintiff Gerald Lee presented to Genesis Firstcare with continued complaints of a productive cough that had been gradually worsening. His condition was diagnosed as bronchitis.

18. Plaintiff Gerald Lee returned to see Dr. Schowengerdt on July 16, 2013, January 29, 2014, July 1, 2014, and January 5, 2015 for various complaints including allergic bronchitis and cough. Dr. Schowengerdt did not order a chest x-ray in connection with any of these visits to determine the cause of Plaintiff's allergic bronchitis and cough.

19. Plaintiff Gerald Lee returned to Genesis Firstcare on August 9, 2013 with complaints of a productive cough and was examined by Dr. Roland Long whose diagnosis included acute bronchitis with bronchospasm and COPD with exacerbation. Dr. Long treated Plaintiff with steroids but did not order a chest x-ray.

20. On or about December 15, 2013, Plaintiff Gerald Lee presented to Genesis Firstcare complaining of persistent cough and congestion. Plaintiff was examined by Dr. Ward who treated him with a powerful antibiotic, Levaquin. Dr. Ward did not order a chest x-ray.

21. On or about March 24, 2016, Plaintiff Gerald Lee presented to Defendant MVHC with a cough of one to four weeks duration which was gradually worsening. Dr. Courtney Bonner evaluated Mr. Lee and immediately ordered a chest x-ray.

22. A chest x-ray was taken at Genesis Hospital on May 9, 2016. The chest x-ray was read by Dr. Michael Huang who reported a "moderate right lower lobe lung mass measuring 4.2 cm." He also noted "a 1 cm. left upper lobe pulmonary nodule." Dr. Huang recommended a chest CT for further evaluation.

23. On May 12, 2016, Dr. Huang performed a chest CT scan and a CT guided biopsy of the right lower lobe lung lesion. The lesion showed non-small cell lung cancer. The cancer is Stage IV and considered terminal.

24. From 2012 through the present, Plaintiff Gerald Lee sustained injury, loss of sleep, coughing, and the inability to engage in usual activity as a result of the failure to timely diagnose his lung cancer.

## PLAINTIFFS' FIRST CAUSE OF ACTION
### [Medical Negligence]

25. Plaintiffs incorporate by reference any and all statements and allegations contained in Paragraphs 1 through 24, as if fully rewritten in this First Cause of Action.

26. The Defendant, by and through the employees and/or agents of MVHC, including but not limited to Dr. Schowengerdt and Dr. Ward, fell below the accepted standard of care, skill, and diligence for health care providers and medical provider employees in Ohio or other similar communities in their diagnostic care and medical treatment of Plaintiff Gerald Lee. Specifically, said Defendant, by and through its physicians, nurses, technicians, aides, administrators, staff, and employees was negligent and not reasonably careful in its care and

5

treatment of said Plaintiff under the circumstances, and thus failed to meet the accepted standard of care, skill, and diligence by failing to diagnose and treat Plaintiff's chronic cough. Specifically, Defendant's employees and/or agents at MVHC failed to evaluate Plaintiff's chronic cough to rule out cancer, failed to order any additional pulmonary tests when Plaintiff's symptoms continued over a period of several years, failed to request another chest x-ray after August 6, 2012 when the first one was over penetrated and was uninterpretable, failed to have another chest x-ray taken, from another angle, on January 28, 2013 to confirm that the lesion was not a lesion in the lung instead of a growth on the rib, and failed to order a chest x-ray when Plaintiff continued to present with respiratory complaints. Defendant was negligent in other respects as well.

27. As a direct and proximate result of the aforementioned negligence and failures of the employees and/or agents of MVHC, including but not limited to Dr. Schowengerdt and Dr. Ward, Defendant failed to timely diagnose Plaintiff Gerald Lee's lung cancer, allowing it to progress to stage IV without treatment. As a further direct and proximate result of the aforementioned negligence and failures of the Defendant, by and through its employees and/or agents, Plaintiff Gerald Lee's lung cancer is incurable. The negligence of defendant's employees and/or agents has caused Plaintiff Gerald Lee to suffer extensive and permanent deficits resulting in increased physical pain, mental anguish, and extreme emotional distress, medical care and treatment, associated medical costs, and loss of income and loss of earning capacity, as well as the loss of the enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

28. The care and treatment rendered to Plaintiff Gerald Lee by the Defendant's, employees and/or agents of MVHC including but not limited to Dr. Schowengerdt and Dr. Ward,

was negligent and fell below the accepted standards of care, skill, and diligence for physicians, nurses, aides, technicians, administrators, and other health care personnel, thus causing Defendant to breach its duty of care owed to said Plaintiff.

29. By virtue of the doctrine of *respondeat superior*, Defendant United States of America, is liable for the negligent acts and omissions of the employees and/or agents of MVHC including, but not limited to, Dr. Schowengerdt and Dr. Ward.

30. As a direct and proximate result of the failure of the employees and/or agents of MVHC to discharge its duty of care owed to the Plaintiff Gerald Lee, and its failure to meet the accepted standards of care, skill, and diligence, Defendant employees and/or agents failed to timely diagnose Plaintiff Gerald Lee's lung cancer, allowing it to progress to stage IV without treatment. As a further direct and proximate result of the aforementioned negligence and failures of the employees and/or agents of MVHC, Plaintiff Gerald Lee's lung cancer is incurable. The negligence of MVHC's employees and/or agents including, but not limited to Dr. Schowengerdt and Dr. Ward, has caused Plaintiff Gerald Lee to suffer extensive and permanent deficits, resulting in increased physical pain, mental anguish, and extreme emotional distress, medical care and treatment, associated medical costs, loss of income, loss of earning capacity, as well as the loss of enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

### PLAINTIFFS' SECOND CAUSE OF ACTION
### [Loss of Consortium]

31. Plaintiffs incorporate all allegations contained in paragraphs 1 through 30 as if fully rewritten in this Second Cause of Action.

32. At all times relevant herein, Plaintiff Isabelle Lee was the wife of Plaintiff Gerald Lee.

33. By virtue of the conduct of the employees and/or agents of MVHC, including but not limited to Dr. Schowengerdt and Dr. Ward, Plaintiff Isabelle Lee sustained a loss of society, companionship, services, attention, consortium, and care, and also sustained mental anguish and lost wages in connection with the treatment, care, and injuries sustained by Plaintiff Gerald Lee.

## DEMAND

**WHEREFORE,** Plaintiffs Gerald Lee and Isabelle Lee demand judgment against the United States of America on all claims presented herein as to medical negligence and loss of consortium, and an award of compensatory, consequential, incidental, special, and medical damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00) together with attorney fees and costs herein expended and such other relief as may be just and appropriate in this case.

Respectfully submitted,

David I. Shroyer (0024099)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street, 2nd Floor
Columbus, Ohio 43215
T: (614) 228-6453
F: (614) 228-7122
Email: dshroyer@csajustice.com
*Attorney for Plaintiffs*

## AFFIDAVIT OF MERIT

COUNTY OF  Chesterfield  )
                         ) SS
STATE OF VIRGINIA        )

The Affiant, Jerome Daniel, M.D., being above the age of 18 and of sound mind, after being duly sworn and cautioned, states that he/she has personal knowledge of the following:

1. I am a physician, licensed to practice medicine in the State of Virginia, with a specialty in family medicine. I spend in excess of 50% of my professional time in the active clinical practice of medicine and/or its instruction.

2. I have reviewed all the medical records reasonably available to me concerning the allegations contained in the Complaint.

3. I am familiar with the applicable standard of care.

4. It is my opinion that the standard of care was breached by one or more of the named Defendants, including but not limited to *Carl Schowengerdt, M.D., Roland V. Long, M.D., Roger D. Ward, Jr., D.O., and/or agents and/or employees of Muskingum Valley Health Centers, Genesis Hospital, registered trade name of Genesis Healthcare System, Genesis FirstCare-South and Genesis Urgent Care Physicians LLC*, in their care and treatment of Plaintiff Gerald Lee, and that the breach caused permanent injury and damages to Plaintiff Gerald Lee.

5. Affiant reserves the right to review any and all additional documentation that may become available in the future and to amend the opinions made herein.

Further affiant sayeth naught.

_____
Jerome Daniel, M.D.

Sworn to before me and subscribed in my presence this __4__ day of January 2017.

_____
NOTARY PUBLIC

(Notary seal: BRIA THOMAS, NOTARY PUBLIC, REG # 7697782, MY COMMISSION EXPIRES 12/31/2020, COMMONWEALTH OF VIRGINIA)