IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALD LEE, *et al.*,

      **Plaintiffs,**

                                  **Case No. 2:17-cv-1090**
                                  **Judge Sarah D. Morrison**
      **v.**                             **Chief Magistrate Judge Elizabeth P. Deavers**

UNITED STATES OF AMERICA,

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on a Motion for a Protective Order to Preclude the

Deposition of a Non-Testifying Expert filed by Plaintiffs Gerald and Isabelle Lee.  (ECF No. 35.)

Also before the Court is an Omnibus filing made by Defendant United States of America.  (ECF

No. 39.)  Through its Omnibus filing, Defendant responds to Plaintiff's motion, moves to compel

the deposition of Plaintiff's non-testifying expert, moves to exclude late-disclosed medical

opinions, moves for leave to reopen its expert disclosure period, and moves for sanctions arising

from the circumstances of a deposition cancellation.  (*Id*.)  All pending motions have been fully

briefed and are ripe for decision.  The Court resolves these Motions as follows.

**I.**

This Federal Tort Claims Act case arises from care Mr. Lee received at Muskingum

Valley Health Centers, a federally-supported facility, from Drs. Carl Schowengerdt and Roger

Ward.  According to Plaintiffs, Mr. Lee's lung cancer was not timely diagnosed, allowing it to

progress to stage IV without treatment.

The filing of the current motions was prompted, in large part, by a deposition notice served by Defendant on Dr. Pradeep Amesur, a board-certified radiologist retained by Plaintiffs as an expert in a companion malpractice case pending in Licking County Common Pleas Court.[1] Among the defendants in that case was Dr. William Wallis, a non-federal radiologist who interpreted one of Mr. Lee's early x-rays.  Dr. Amesur testified at a deposition in that state proceeding on June 27, 2019.  Plaintiffs also had initially disclosed Dr. Amesur as an expert in this case and provided a copy of his report to defense counsel.

On July 24, 2020, Plaintiffs filed a notice designating Dr. Amesur as a non-testifying expert.  (ECF No. 34.)  This filing was made one week after Defendant had served the deposition notice at issue here.  Plaintiffs assert, however, that, prior to this filing, they had twice put Defendant on notice that they would not be calling Dr. Amesur as an expert witness at trial.[2]

**II.**

The burden of establishing good cause for a protective order rests with the movant.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).  To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury."  *Id*.  Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense, . . ."  Fed. R. Civ. P. 26(c)(1).

---

[1] *Lee v. Genesis Hospital,* Case No. 17CV00086, filed on January 24, 2017.
[2] Plaintiffs explain that they first alerted Defendant to the potential that Dr. Amesur might not be called to testify at trial on June 26, 2020.  They further represent that they confirmed by email on July 7, 2020, that they would not be calling him.  (ECF No. 35, at pp. 2-3.)

Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation.  *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550-551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case . . . .").  The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case."  *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988).  "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . .  The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(1) requires a party moving for a protective order to include a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  Fed. R. Civ. P. 26(c)(1).  The Court is satisfied, despite Defendant's characterization of Plaintiffs' conduct, that this prerequisite to a motion for a protective order has been met in this case.

### III. Dr. Amesur's Deposition

Plaintiffs seek to prohibit the deposition of Dr. Amesur on grounds that he will not be testifying at trial.  Under Federal Rule of Civil Procedure 26(b)(4)(a), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."

> (D) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i)      as provided in Rule 35(b); or

(ii)     on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D).

Plaintiffs contend that they were within their rights to re-designate Dr. Amesur as a non-testifying expert.  They argue that, once they did so, the plain language of Rule 26(b)(4)(D) prevents Defendant from deposing him absent exceptional circumstances.   According to Plaintiffs, their position is consistent with the view held by the majority of courts, including the Sixth Circuit Court of Appeals as set forth in *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262 (6th Cir. 2010).  The Court agrees that *Olmstead* controls here and finds no merit to Defendant's various arguments to the contrary.

In moving to compel Dr. Amesur's testimony, Defendant argues that Rule 26(b)(4)(D) is inapplicable here because Dr. Amesur was not an expert employed *only* for trial preparation. Rather, in Defendant's view, the fact of Dr. Amesur's deposition testimony in the companion state case removes him from the realm of experts "off-limits" under the Rule.  (ECF No. 39, at p. 15.)  Briefly, Defendant's argument is not supported by the plain language of the Rule and relies heavily on authority that is not binding on this Court.  Similarly, Defendant's attempts to distinguish *Olmstead* are unavailing.  In short, Defendant has provided no basis on which the Court can conclude that Plaintiffs forfeited the right to re-designate Dr. Amesur's status in this federal action because he provided deposition testimony in the state court proceeding.

Accordingly, the only way Defendant would be entitled to depose Dr. Amesur would be upon a showing of "exceptional circumstances."   Such circumstances are described in the Rule as those "under which it is impractical for the party to obtain facts or opinions on the same subject matter by other means."  Rule 26(b)(4)(D)(ii).  The District Court decision in *Olmstead* cites as examples situations where there are no other available

experts in the same field or subject area or where examined evidence has since deteriorated.

*Olmstead*, 657 F. Supp. 2d 899, 904 (N.D. Ohio March 5, 2009). That is not the situation

here.  As Plaintiffs' explain, Dr. Amesur is a radiologist who examined films and these

were made available to Defendant to be reviewed by Defendant's own expert.

Further, Defendant's own briefing reveals that, based on Dr. Amesur's opinions and his

status as an expert, it "saw no need to designate its own primary or rebuttal radiology expert."

(*See* ECF No. 39, at p. 5.)  This, however, is exactly what the Rule was designed to avoid.  In

*Olmstead,* the Sixth Circuit explained the quandary as follows:

> Past judicial restrictions of discovery on an adversary's expert, particularly
> as to his opinions, reflect the fear that one side will benefit unduly from the other's
> better preparation.  The procedure established in subsection (b)(4)(A) holds the risk
> to a minimum.  Discovery is limited to trial witnesses, and may be obtained only at
> a time when the parties know who their expert witness will be.  A party must as a
> practical matter prepare his own case in advance of [the time when the parties
> designate their expert witnesses], for he can hardly hope to build his case out of his
> opponent's experts.

*Olmstead*, 606 F.3d at 273 (quoting 1970 Advisory Committee Notes).  As Plaintiffs note,

if Defendant planned to argue here that Dr. Wallis, the non-federal radiologist, was

negligent, it was Defendant's responsibility to retain an expert to support its position.

For these reasons, Plaintiffs have established good cause for a protective order to

preclude Dr. Amesur's deposition.  Accordingly, the Motion for a Protective Order is

**GRANTED** and Defendant's Motion to Compel is **DENIED**.

As an alternative, Defendant requests that, in the event the Court allows Plaintiffs'

re-designation of Dr. Amesur to stand, the Court grant leave to allow Defendant to now

designate its own radiology expert to opine on the defects in Dr. Wallis' radiology report.

(ECF No. 39, at p.17.)   Beyond maligning Plaintiffs and asserting a conclusory claim of

prejudice, Defendant offers no basis for granting such leave.  Accordingly, this request is **DENIED.**

### IV.  Dr. Freeman's Testimony

Defendant argues that, as a discovery sanction, Dr. Richard Freeman should be precluded from testifying at trial about: (1) palliative care treatment options for Mr. Lee and (2) life expectancy, two issues raised in the final minutes of his deposition and not included in his report.   As an alternative to excluding this testimony, Defendant requests that the Court reopen the expert disclosure period and grant a brief extension of the discovery and dispositive motion deadlines.

Plaintiffs, on the other hand, assert that there is no basis for excluding Dr. Freeman's testimony.  According to Plaintiffs, in both his initial and his rebuttal reports, Dr. Freeman specifically addressed life expectancy.  Plaintiffs further explain that Mr. Lee has exceeded Dr. Freeman's expectations and the issue of life expectancy is not a new matter.   On the other hand, Plaintiffs freely acknowledge that Dr. Freeman's reports do not address the issue of palliative care.  They argue, however, that this failure is harmless.  Plaintiffs do not mount a significant challenge to Defendant's proposed reopening of the expert disclosure deadline, but note that these issues can be addressed by Luis Perez, D.O., Defendant's previously identified expert who is board certified in Family Medicine and Osteopathic Manipulative Therapy.

Defendant explains, however, that the survival rates addressed by Dr. Freeman in his reports are different from the issue of his current life expectancy from the present.  According to Defendant, current life expectancy is an entirely new subject matter that requires Dr. Freeman to rely on data not disclosed in his reports.   Additionally, Defendant challenges Plaintiffs' characterization of the late disclosure as harmless.  Finally, Defendant contends that it should not

be bound by Plaintiffs' view as to whether Dr. Perez is an appropriate rebuttal expert as to these matters.

The Court finds that, under the circumstances here, the better course of action is to reopen the rebuttal expert disclosure period as to these two distinct issues only and to allow for a brief extension of the case schedule. Accordingly, the rebuttal expert disclosure deadline is extended, for this limited purpose, until October 23, 2020. Further, all discovery shall be completed by November 23, 2020 and any dispositive motions shall be filed by December 23, 2020.

### V. Defendant's Request for Sanctions

Defendant requests that Plaintiffs be sanctioned for the "last-minute" (*i.e.,* with less than 24 hours-notice) cancellation of Dr. Amesur's deposition scheduled for June 25, 2020.[3]  In support of its request, Defendant relies on Rule 37(d). Defendant acknowledges that Rule 37 "speaks to the non-appearance of 'parties'" (ECF No. 39, at p. 18), but asserts that it is applicable here because Plaintiffs assumed responsibility for Dr. Amesur's appearance. Plaintiffs dispute that Dr. Amesur was under their control within the contemplation of Rule 37. A resolution of the parameters of Rule 37(d) is not necessary here because, regardless, the Court declines to award sanctions.

This does not mean, however, that the Court finds Defendant's evident frustration stemming from what it perceives as Plaintiffs' maneuverings to be wholly unreasonable or unjustified. That Defendant considers certain conduct to have approached the bounds of

---

[3] In its Reply, Defendant also asserts, at some length, that Plaintiffs should be held in contempt for their failure to comply with the Court's Order (ECF No. 33) by filing a motion for a protective order before exhausting extrajudicial efforts in a move to gain a tactical advantage. The Court "will not consider arguments that are raised for the first time in a reply brief." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

tolerance is understandable.  Nevertheless, the Court does not find that an award of sanctions to be warranted at this juncture.  The parties are advised, however, that, if conduct of this nature becomes an established pattern, the Court may not view the issue of sanctions similarly in the future.

## VI.

For all of these reasons, Plaintiffs' Motion for a Protective Order (ECF No. 35) is **GRANTED.**  Defendant's omnibus filing (ECF No. 39) is **DENIED**, **in part**, to the extent it seeks to compel the deposition of Dr. Amesur; **DENIED, in part**, to the extent it seeks to exclude the testimony of Dr. Freeman; **GRANTED**, **in part**, to the extent it seeks leave to designate additional rebuttal experts directed to the issues of life expectancy and palliative care only; **DENIED, in part**, to the extent it seeks leave to designate its own radiology expert to opine on the defects in Dr. Wallis' radiology report; **DENIED, in part**, to the extent  it seeks an award of sanctions against Plaintiffs relating to the cancellation of Dr. Amesur's deposition.  The rebuttal expert disclosure deadline, as limited above, is October 23, 2020.  All discovery shall be completed by November 23, 2020 and any dispositive motions shall be filed by December 23, 2020.

**IT IS SO ORDERED.**

Date: September 22, 2020            /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**

8